**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ENRIQUE DIAZ,**

    **Plaintiff,**

vs.                                     **Case No. 4:23-cv-00503-MW-MAF**

**RICKY DIXON, SEC'Y,
FLA. DEP'T OF CORR.,
et al.,**

    **Defendants.**
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, Enrique J. Diaz, a prisoner proceeding *pro se*, initiated this civil rights case, pursuant to 42 U.S.C. § 1983 and filed an amended complaint followed by a second amended complaint. ECF Nos. 1, 4, 16. Although Plaintiff paid the requisite filing fee, ECF No. 5, the Court is required to screen the second amended complaint pursuant to 28 U.S.C. § 1915A. The Court may review a complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. For the reasons stated, the complaint should be dismissed; and the case should be closed. A brief discussion of the procedural history of this case is warranted.

## I. Procedural History

Plaintiff is serving a life sentence and has been housed in more than fifteen correctional institutions over the past forty years. ECF No. 1. Plaintiff filed his initial complaint almost five months ago, and sued Ricky Dixon, Secretary of the Florida Department of Corrections (FDOC), and Angela Gordon, the regional director of FDOC's "Region 1," both in their individual- and official capacities. ECF No. 1. In his first complaint, Plaintiff alleged that the prison system is overrun by gangs that abused and killed fellow inmates who are not gang members, especially elderly inmates. ECF No. 1. His amended complaint presented similar claims. ECF No. 4. The undersigned reviewed the amended complaint and initially recommended dismissal because Plaintiff did not fully disclose his federal litigation history. ECF No. 6. Plaintiff filed objections; and the district judge rejected the Report finding there were no affirmative misrepresentations and returned the case to the undersigned for further proceedings. ECF Nos. 9, 10.

Next, the undersigned screened the amended complaint, found it legally deficient, and directed Plaintiff to amend by **February 9, 2024**. ECF No. 11. Specifically, the Court advised Plaintiff that the amended complaint was a shotgun pleading and the respondeat superior claims were subject to dismissal. Id. Plaintiff sought an extension of time to amend, which the

Court granted – until **March 11, 2024**, and, again, until **March 25, 2024**. ECF Nos. 12, 13, 14, 15.

The allegations in Plaintiff's second amended complaint are completely unrelated to the initial allegations of gang violence at the prison. ECF No. 16. Plaintiff cannot use one case as a testing ground or placeholder to see what claims might stick and what claims might fail. Moreover, the second amended complaint remains legally insufficient for the same reasons as previously articulated. Id.

## II. Plaintiff's Second Amended Complaint, ECF No. 16.

Now, Plaintiff claims that the secretary and regional director of FDOC are responsible for at least three unsanitary conditions at Okaloosa Correctional Institution (C.I.): (1) "ping pong toilets," (2) "unsanitary leg irons, and" (3) "unsanitary [barber] clipper blades." Id., pp. 5-10. Each issue is described below.

**Ping-Pong Toilets**[1]: According to Plaintiff, ping-pong toilets are not used at new institutions; and he wants the same to apply to all prisons "throughout the" FDOC. Id., pp. 5-6. Plaintiff claims that, on January 6, 2024, the toilet in his cell filled with waste when inmates in connecting cells

---

[1] Plaintiff uses the term as applied by Gates v. Cook, 376 F.3d 323, 341 (5th Cir. 2004). ECF No. 16, p. 6. Waste flushed by a toilet in one cell can "bubble up" in an "adjoining cell unless toilets are flushed simultaneously." Gates, 376 F.3d at 334.

flushed their toilets. Id., p. 6. "This occurred almost nightly"; and the smell would wake Plaintiff in the middle of the night. Id. The prison provides cleaning supplies (a broom, dustpan, and small wet rag but no soaps or cleansers) weekly. Id. Plaintiff does indicate how long he was exposed to the condition or whether any steps were taken to remedy the problem.

**Unsanitary Leg Irons:** On two occasions, officers placed Plaintiff in leg irons and escorted him to and from the classification office. Id. The leg irons "bit" into the skin of Plaintiff's Achilles tendon, but an unnamed guard made Plaintiff keep up with him during the escort under threats of disciplinary action. Id., p. 7. Plaintiff requested a protected sleeve or, alternatively, asked officers to put the leg irons on the outside of his pant leg. Id. Officers denied Plaintiff's request because it was prohibited by FDOC policy. Id. Leg irons are never sanitized and are often removed from one inmate and placed on another, which increases the risk of infectious disease. Id. Plaintiff witnessed this practice for forty years. Id. Plaintiff has scarring from the practice, which is common among the inmates. Id. Plaintiff does not provide any dates or names of any officer involved.

**Unsanitary barber clippers:** Plaintiff claims that FDOC eliminated the use of disposable razors in 2015. Id., pp. 7-8. Inmates are required to go to the prison barber shop to shave, but the clippers are poorly

maintained. Id., p. 8. The blades are rusty, unaligned, or had missing teeth, which "bite into [the] skin." Id. The sanitizer is diluted and contains skin and hair particles. Id. Barbers do not change gloves between shaves. Id. Plaintiff outlines the process involved and claims to have witnessed barbers cutting through pimples, warts, and bumps with clippers because they are rushed by guards, but he does not allege this happened to him. Id. Plaintiff does not identify any barber, orderly, or officer and does not provide any dates. Plaintiff does not allege any injury as a result.

Plaintiff seeks declaratory and injunctive relief. Id., p. 10. Specifically, Plaintiff seeks to eliminate the use of ping-pong toilets, for the FDOC to institute a policy directive that complies with CDC standards for sanitizing leg irons after each use, for the issuance of policy directives that prohibits the use of clipper blades with missing teeth, and any other relief warranted or deemed just and appropriate. Id., p. 11.

### III. Discussion

   A. Shotgun Pleadings are Impermissible.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon

which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "'Further, the allegations in the complaint 'must be simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' -- one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' -- does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the

entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

First, Plaintiff's claims are not related to one set of circumstances. He alleges several issues that occurred at different times and involved diverse sets of circumstances; and it is not clear when the alleged events occurred. Plaintiff does not offer any set of facts attributable to the named defendants, except that they are the policy makers.

Second, as to Plaintiff's complaints about ping-pong toilets, he does not set forth sufficient facts to state a claim. In the context of the Eighth Amendment's ban on cruel and unusual punishment, "[t]he Constitution

does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994). The prisoner must demonstrate that the prison condition is "extreme" and "pose[s] an unreasonable risk of serious damage to the [prisoner's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Exposure to waste may violate the Eighth Amendment but the length of time a prisoner is exposed to the condition is "undoubtedly a factor." Gates, 376 F.3d at 341; see Alfred v. Bryant, 378 F. App'x 977 (11th Cir. 2010) (a prisoner living in a cell for 18 days without a mattress and a toilet that occasionally overflowed failed to state a claim under the Eighth Amendment). Plaintiff gives no indication as to how long he was exposed to the condition and does not allege any overflow.

 Third, Plaintiff does not provide any dates for the allegations relating to the leg irons or barber clippers. Without dates, this Court cannot determine whether the claims are within Florida's four-year statute of limitations, which applies to Section 1983 cases. See City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002). Again, Plaintiff does not provide sufficient facts to show that the prison conditions are "extreme" or unreasonable.

Legal conclusions are insufficient. Dismissal is proper because Plaintiff is not entitled to unlimited amendments.

B. <u>Respondeat Superior Claims</u>

The Court advised Plaintiff that to the extent he attempted to raise claims against the FDOC secretary and regional director under a theory of vicarious liability or respondeat superior, ordinarily a § 1983 action will not support such a claim. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675-76 (2009). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." <u>Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.</u>, 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." <u>Craig</u>, 643 F.3d at 1310 (citation omitted). Plaintiff may have outlined FDOC policies that he personally disagrees with, but he does not allege sufficient facts to show he suffered any constitutional injury as a result.

C. Failure to Comply with Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

As previously stated, the Court ordered Plaintiff to amend certain deficiencies by **February 9, 2024** – then by **March 11, 2024**, and, finally, by **March 25, 2024**. Instead, Plaintiff filed a "second amended complaint" with a completely different set of allegations in a shotgun fashion.

Ordinarily, a court might give Plaintiff *another* opportunity to amend to provide dates and other factual details, See Fed. R. Civ. P. 15(a) ("A party may amend the pleading once as a matter of course within . . . no later than

21 days after serving it."). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, this Court should resist that impulse. Plaintiff had ample opportunity to amend and with specific directives from the Court. Rather than amend the initial allegations, Plaintiff presented entirely new and distinct claims based on completely different facts. Moreover, Fed. R. Civ. P. 20(a)(2)(A) allows "multiple claims against a single party" but those claims "must arise out of the same transaction, occurrence, or series of transactions." That is not the case here. Plaintiff did not follow the Court's order to amend; and the second amended complaint is a shotgun pleading.

If Plaintiff wants to present new claims to the Court, he is free to do so --- but that would be a new case, subject to a different case number, and subject to a separate filing fee. Plaintiff may not use "the federal courts as a forum for testing alternate legal theories seriatim." Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co., 470 F.3d 1036, 1042 (11th Cir. 2006) (citation omitted).

### IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** because Plaintiff's complaint is an impermissible

shotgun pleading, fails to state a claim, and because Plaintiff failed to comply with the court's order to amend under Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and counts as a strike.

**IN CHAMBERS** at Tallahassee, Florida, on April 2, 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).