IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ENRIQUE DIAZ,**

    *Plaintiff,*

v.                                                        Case No.: 4:23cv503-MW/MAF

**RICKY DIXON, SEC'Y,**
**FLA. DEP'T OF CORR.,**
*et al.*,

    *Defendants.*

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION IN PART AND REJECTING IN PART**

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 17, and has also reviewed *de novo* Plaintiff's objections, ECF No. 21. The Magistrate Judge recommends that Plaintiff's amended 42 U.S.C. § 1983 complaint be dismissed under Federal Rule of Civil Procedure 41(b) because Plaintiff failed to comply with orders from this Court. ECF No. 17 at 10. Specifically, the Magistrate Judge explains that he directed Plaintiff to file an amended complaint to fix several deficiencies, to which Plaintiff responded by filing an amended complaint with wholly different allegations. *Id.*

This Court agrees that Plaintiff failed to comply with reasonable orders. The Magistrate Judge directed Plaintiff to fix the deficiencies in his complaints regarding

dangerous conditions created by gang activity at his correctional facility, and he failed to comply. Instead, Plaintiff filed a second amended complaint with a brand new claim and factual allegations. "The liberal amendment policy of Rule 15(a) does not countenance 'the old sporting theory of justice' or the use of the federal courts as a forum for testing alternate legal theories *seriatim*." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1042 (11th Cir. 2006) (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469–70 (5th Cir. 1967); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1489 (2d ed.1987)).

Plaintiff raises several objections, but they do not help his case. Plaintiff admits that he was unable to file a second amended complaint as directed by the Magistrate Judge, so instead, he filed a complaint on an entirely different set of facts. *See* ECF No. 21 at 2–4. Put another way, Plaintiff openly defied the Magistrate Judge's reasonable order to fix the deficiencies in his initial complaints. That kind of open defiance of an order from this Court merits dismissal without prejudice. If Plaintiff wants to file a lawsuit about unsanitary conditions in prison—and not the dangerous conditions created by gangs set out in his initial complaints—he must file a separate lawsuit.

As for recommendations on the merits of Plaintiff's second amended complaint set out in the Report and Recommendation, this Court rejects them as moot. This Court need not pass on the merits of Plaintiff's second amended

2

complaint because, as set out above, Plaintiff has failed to comply with this Court's orders and his case is due to be dismissed on this ground. Again, if Plaintiff wants to file a lawsuit about unsanitary conditions in prison—and not the dangerous conditions created by gangs set out in his initial complaints—he must file a separate lawsuit. Accordingly,

**IT IS ORDERED:**

1. The report and recommendation, ECF No. 17, is **accepted and adopted in part and rejected in part** as this Court's opinion.

2. The report and recommendation is **accepted and adopted** insofar as it recommends dismissal of this action due to Plaintiff's failure to prosecute under Rule 41(b).

3. The report and recommendation is otherwise **rejected as moot**.

4. Plaintiff's second amended complaint under 42 U.S.C. § 1983, ECF No. 16, is **DISMISSED without prejudice**.

5. The Clerk shall enter judgment stating, "Plaintiff's amended complaint, ECF No. 16, is **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute."

6. The Clerk shall close the file.

**SO ORDERED on May 29, 2024.**

                                    s/Mark E. Walker             
                                    **Chief United States District Judge**